UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN LEADERS,

       Plaintiff,                            Hon. Ellen S. Carmody

v.                                           Case No. 1:15-CV-271

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION**

This matter is before the Court on Defendant's Motion to Dismiss, (dkt. #11), and Plaintiff's Motion to Strike Defendant's Motion to Dismiss, (dkt. #13). On July 31, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #15). For the reasons articulated herein, Plaintiff's motion is **denied** and Defendant's motion is **granted**.

**BACKGROUND**

On November 10, 2005, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. (Dkt #11 at PageID #56). Following an administrative hearing, ALJ Thomas Walters, in a decision dated April 23, 2009, determined that Plaintiff was disabled as of September 23, 2007. (Dkt #11 at PageID #64). However, because Plaintiff's insured status expired on December 31, 2005, well

before the onset date of her disability, the ALJ found that Plaintiff was entitled to SSI benefits only.[1]

Plaintiff waited almost four years before requesting that the Appeals Council review ALJ Walters' decision. (Dkt #11 at PageID #78). The Appeals Council, finding "no good cause" to excuse Plaintiff's untimeliness, dismissed Plaintiff's request as untimely on May 22, 2015. (Dkt #11 at PageID #78). Plaintiff initiated the present action seeking reversal of ALJ Walters' determination that she was not disabled prior to the expiration of her insured status. (Dkt. #1). Defendant moves to dismiss Plaintiff's action on the ground that the Court lacks jurisdiction to review ALJ Walters' decision. Plaintiff responds by moving to strike Defendant's motion.

## ANALYSIS

The United States "is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *See, e.g., Walls v. Astrue*, 2011 WL 4526800 at *3 (W.D. Tenn., Sept. 28, 2011) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In the context of a claim for Social Security benefits, an individual may sue the United States pursuant to 42 U.S.C. § 405, which provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

---

[1] To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

As the Supreme Court has observed, § 405(g) "bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the [Commissioner] after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also*, *Ferguson v. Commissioner of Social Security*, 2008 WL 243955 at *5-6 (W.D. Mich., Jan. 28, 2008) (same). While § 405(g) does not define the term "final decision," such is defined by the relevant Social Security regulations. *See Williams v. Commissioner of Social Security*, 2015 WL 2172481 at *2 (W.D. Mich., May 8, 2015). These regulations provide that to obtain a judicially reviewable "final decision," a claimant must complete the following administrative steps: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. *See Williams*, 2015 WL 2172481 at *2 (citing 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4)). These administrative steps must be completed in a timely fashion, however. Thus, if a claimant's request for review by the Appeals Council is rejected as untimely, the decision in question is not considered a "final decision" which is subject to judicial review. *See Ferguson*, 2008 WL 243955 at *5-6.

Plaintiff did not request review by the Appeals Council of ALJ Walters decision until March 4, 2013, almost four years after the ALJ's decision. (Dkt. #11 at PageID #72). On May 22, 2015, the Appeals Council dismissed Plaintiff's request for review as untimely. (Dkt. #11 at PageID #77-79). Plaintiff does not dispute this, but instead asserts that her failure to timely request review of ALJ Walters' decision should be excused because of an administrative error by the Social Security Administration.

It appears that Plaintiff's request to review ALJ Walters' decision was initially interpreted by the Appeals Council as a request by Plaintiff to review an altogether different determination issued by a different ALJ concerning a different matter. Even if this was the case, the

Court fails to discern how such advances Plaintiff's position as it does not alter the fact that Plaintiff did not request that the Appeals Council review ALJ Walters' decision until almost four years after it was issued. While the Appeals Council may have initially misinterpreted the target of Plaintiff's request for review, once it realized that Plaintiff was requesting review of ALJ Walters' decision her request was denied as untimely. As previously noted, because Plaintiff failed to timely request Appeals Council review of ALJ Walters' decision, such does not constitute a "final decision" over which this Court may exercise jurisdiction. Accordingly, Plaintiff's present action, challenging ALJ Walters' decision, must be dismissed for failure to exhaust administrative remedies.[2] Plaintiff's motion to strike Defendant's motion is likewise without merit and is, therefore, denied.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion to Dismiss, (dkt. #11), is **granted**; and Plaintiff's Motion to Strike Defendant's Motion to Dismiss, (dkt. #13), is **denied**. Plaintiff's challenge to ALJ Walters' decision is, therefore, dismissed for lack of jurisdiction.

Date:  November 10, 2015                                             /s/ Ellen S. Carmody
                                                                     ELLEN S. CARMODY
                                                                     United States Magistrate Judge

---

[2] The Court recognizes that there exists an exception to the exhaustion requirement in circumstances where a claimant "presents a colorable constitutional challenge." *See, e.g., McDonald v. Astrue*, 2012 WL 600617 at *2 (7th Cir., Feb. 15, 2012). Plaintiff is asserting no such claim in this matter. Thus, this exception does not apply.